IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GENERAL STAR INDEMNITY CO.,** | CASE NO. 3:22 CV 658 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **1001 STARR INVESTMENTS, LLC,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Currently pending in this case are Third-Party Defendant John M. Crider's Motion to Vacate and Set Aside Entry of Default (Doc. 37) and Motion for Leave to File Answer *Instanter* (Doc. 44). For the reasons set forth below, the Court grants both motions.

## BACKGROUND

On April 25, 2022, Plaintiff General Star Indemnity Company filed a Complaint against Defendant 1001 Starr Investments, LLC. (Doc. 1). Plaintiff seeks a declaratory judgment regarding recission of a property insurance policy based on alleged material misrepresentations in the application for the policy.

On July 15, 2022, Defendant 1001 Starr filed its Answer to the Complaint, as well as a Third-Party Complaint against AmWINS Access Insurance Services, LLC, Toledo Insurance Agency, LLC, and John M. Crider. (Doc. 11).

A copy of the Third-Party Complaint addressed to Crider was served via USPS certified mail on September 19, 2022. (Doc. 30-1, at 3). It was sent to Toledo Insurance Company, LLC's business address, which was also listed at the bottom of an email 1001 Starr's counsel received from Crider. *See* Doc. 41-2. The USPS mail receipt appears to bear the signature of a "Rob Hyatt". *See id.* Crider and his son, Donald Crider (who lives at the listed address), both aver they

did not receive the mailing and do not know anyone matching the name on the receipt. *See* Doc. 37, at 7; Doc. 40, at 4.

On October 18, 2022, Defendant / Third-Party Plaintiff 1001 Starr filed an application for entry of default against Crider. (Doc. 30). Pursuant to Federal Civil Rule 55(a), default was entered on October 19, 2022. (Doc. 32).

Two days later, on October 21, 2022, counsel entered an appearance on behalf of Crider (and Toledo Insurance). (Doc. 33). On October 27, 2022, Crider and Toledo Insurance filed a "Memorandum as to Steps Taken to Defend" (Doc. 35), and Toledo Insurance filed an Answer to the Third-Party Complaint (Doc. 36).

On November 3, 2022, Crider filed the pending motion to set aside the entry of default. (Doc. 37); 1001 Starr Opposed (Doc. 41) and Crider replied (Doc. 43). On December 1, 2022, Crider also filed a Motion for Leave to File Answer *Instanter* (Doc. 44).

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry default for "good cause." In determining whether good cause exists, the court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Consequently, "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

The Sixth Circuit reviews such a decision for abuse of discretion and "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv.*, 796 F.2d at 193. There is a "strong preference for trials on the merits in the federal courts." *Id.*

## DISCUSSION

Crider contends that he has not been served with the Complaint, 1001 Starr will not be prejudiced by setting aside the entry of default, and he has meritorious defenses to the claims against him. (Doc. 37). 1001 Starr responds that Crider's actions suggest willful disregard of the judicial proceedings. (Doc. 41). It further argues that Ohio rules for service of process provide that certified mail signed by any person constitutes sufficient service. *Id.* at 5 (citing Ohio Civ. R. 4.1(a)(1)(A)).

Given the very early stages of this case, the lack of demonstrated prejudice, Crider's appearance very shortly after the entry of default, and the Sixth Circuit's strong preference for deciding cases on the merits, the Court finds good cause exists to set aside the entry of default. *See* Fed. R. Civ. P. 55(c); *Waifersong*, 976 F.2d at 292; *Shepard Claims Serv.*, 796 F.2d at 193.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Third Party Defendant John M. Crider's Motion to Vacate and Set Aside Entry of Default (Doc. 37) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Third Party Defendant John M. Crider's Motion for Leave to File Answer *Instanter* (Doc. 44) be, and the same hereby is, GRANTED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE